UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

LAFAYETTE-OPELOUSAS DIVISION

| | |
|---|---|
| **DEXTER HOLDER** | **CIVIL ACTION NO. 07-1206** |
| **VERSUS** | **SECTION "P"** |
| **SHERIFF SID HEBERT** | **JUDGE MELANCON** |
| | **MAGISTRATE JUDGE HILL** |

REPORT AND RECOMMENDATION

Pending before the court is the civil rights action filed in *forma pauperis* by *pro se* plaintiff, Dexter Holder ("Holder") on July 23, 2007 pursuant to 42 U.S.C. § 1983, and plaintiff's Motion for Summary Judgement filed on October 3, 2007. [rec. doc. 8]. Plaintiff is an inmate in the St. Mary Parish Law Enforcement Center in Centerville, Louisiana. However, at the time this action was filed, plaintiff was incarcerated at the Iberia Parish Jail in New Iberia, Louisiana. In his Complaint, plaintiff complains of unsanitary prison conditions at the Iberia Parish Jail, his former place of incarceration. He prays for "relief that suits the public's interest and concern." Plaintiff names Iberia Parish Sheriff Sid Hebert, the Louisiana Board of Health, the Commissioner of the Louisiana Department of Corrections and Iberia Parish Jail Warden Roberta Boudreaux.

The case was referred to the undersigned magistrate judge for review, report and recommendation pursuant to a standing order of this court. For those reasons set out below, the undersigned recommends that this civil rights action be **DISMISSED WITH**

**PREJUDICE** pursuant to 28 U.S.C. §§1915(e)(2)(B)(i) and (ii) and 1915A(b)(1) as moot, frivolous and as failing to state a claim upon which relief may be granted and that plaintiff's Motion for Summary Judgment be **DENIED**.

## STATEMENT OF THE CASE

In his civil rights complaint, plaintiff attempts to set forth a claim for unconstitutional prison conditions, alleging that mold, fungus and bacteria in the shower area caused him to develop a rash on his legs, that the toilet pipes are broken allowing water to leak on the floor creating a danger of slipping, that the tables were meals are served are rusty, that there is no "easy adequate place to drink water from except for a cooler that is not sanitized" which sits on top of a broken water fountain, that the walls have bacteria and mold on them and the facility does not use bleach to kill these germs, that water leaks from the roof, that there is poor ventilation because the filters are not changed or replaced, that the holes in cell doors through which food trays are pushed are not sanitized, and that the fan in the pod is not cleaned. Plaintiff apparently contends that Sheriff Hebert and the Warden Boudreaux are responsible for these unsanitary conditions. He additionally asserts that the Louisiana Board of Health is responsible because they are supposed to do inspections on a periodic basis, and that the Commissioner of the Louisiana Department of Corrections is responsible as "over seer" of correctional facilities where DOC inmates are housed.

## LAW AND ANALYSIS

**Frivolity Review**

Plaintiff has been granted leave to proceed *in forma pauperis* under 28 U.S.C. §1915. Under § 1915A(a) and (b)(1) and 28 U.S.C. § 1915(e)(2)(B), federal district courts are directed to review and dismiss prisoner and in *forma pauperis* actions, respectively, before service of process on the defendants and the filing of an answer or at any time, if the court determines that the action is frivolous or fails to state a claim on which relief may be granted.  *See also Bradley v. Puckett*, 157 F.3d 1022, 1025 (5th Cir. 1998); *Ali v. Higgs*, 892 F.2d 438, 440 (5th Cir. 1990) (interpreting former § 1915(d) which was thereafter redesignated as subsection (e)).  A complaint is frivolous if it lacks an arguable basis in law or fact.  *Gonzalez v Wyatt,* 157 F.3d 1016, 1019 (5th Cir. 1998) citing *Siglar v. Hightower,* 112 F.3d 191, 193 (5th Cir. 1997).  A complaint fails to state a claim upon which relief may be granted if it is clear the plaintiff cannot prove any set of facts in support of his claim that would entitle him to relief. *Doe v. Dallas Independent School District*, 153 F.3d 211, 215 (5th Cir. 1998).  When determining whether a complaint is frivolous or fails to states a claim upon which relief may be granted, the court must accept plaintiff's allegations  as  true. *Horton v. Cockrell*, 70 F.3d 397, 400 (5th Cir. 1996) (frivolity); *Bradley,* 157 F.3d at 1025 (failure to state a claim).

The court is convinced that plaintiff has presented the best case which could be presented by him under the circumstances, and that further amendment of the pleadings

would serve no useful purpose. Accepting all of plaintiff's allegations as true, and giving plaintiff the benefit of every doubt, the court concludes, for the reasons stated hereinafter, that this action is moot, frivolous and fails to state claims for which relief may be granted. Accordingly, plaintiff's complaint should be dismissed with prejudice.

**Summary Judgment Standard**

A party is entitled to summary judgment only if "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." F.R.C.P. art. 56(c).

The instant Motion for Summary Judgment has been filed before this court could complete its frivolity review, and before the defendants have been served or answered this lawsuit. Thus, the Motion is premature. Moreover, because the court has concluded that plaintiff's action is moot, frivolous and that plaintiff has failed to state claims for relief upon which relief may be granted, plaintiff is not entitled to summary judgment as a matter of law.

**I. Claim for Injunctive Relief**

By this action, plaintiff seeks only injunctive relief, namely, "relief that suits the public's interest and concern." However, plaintiff has been transferred from the Iberia Parish Jail to the St. Mary Parish Law Enforcement Center. The transfer of a prisoner out of an allegedly offending institution generally renders his claims for injunctive relief

4

moot.  *Herman v. Holiday*, 238 F.3d 660, 665 (5th Cir. 2001); *Oliver v. Scott,* 276 F.3d 736, 741 (5th Cir. 2002) *citing Weinstein v. Bradford*, 423 U.S. 147, 149, 96 S.Ct. 347, 46 L.Ed.2d 350 (1975) (*per curiam*) (plaintiff's individual suit challenging parole procedures mooted by release absent "demonstrated probability" that he would again be subject to parole board's jurisdiction); *Cooper v. Sheriff, Lubbock County, Tex.*, 929 F.2d 1078, 1084 (5th Cir.1991) (*per curiam*) (holding that prisoner transferred out of offending institution could not state a claim for injunctive relief); *Holland v. Purdy*, 457 F.2d 802, 802-803 (5th Cir. 1972) (claim for injunctive relief moot when plaintiff transferred to another institution).

In order for plaintiff's claims to remain viable, he would have to establish either a "demonstrated probability" or a "reasonable expectation" that he would be transferred back to the Iberia Parish Jail or released and then re-incarcerated there. *Oliver*, 276 F.3d at 741 citing *Murphy v. Hunt*, 455 U.S. 478, 482, 102 S.Ct. 1181, 71 L.Ed.2d 353 (1982). Plaintiff has failed to make this showing.  The mere possibility of transfer back to the Iberia Parish Jail is too speculative to warrant relief.  *See Herman*, 238 F.3d at 665*; Murphy*, 455 U.S. at 482.  Accordingly, plaintiff's complaint seeking injunctive relief is moot and his claims should therefore be denied and dismissed with prejudice.

## II.  Potential Damage Claim

Further, to the extent that plaintiff's allegations may be construed as asserting a damage claim for mental or emotional suffering resulting from the allegedly unsanitary

and hazardous conditions, that claim is likewise subject to dismissal. Under 42 U.S.C. § 1997e(e), "[n]o Federal civil action may be brought by a prisoner confined in a jail, prison, or other correctional facility, for mental or emotional injury suffered while in custody without a prior showing of physical injury." While the requisite "physical injury" need not be significant, it must nevertheless be "more than *de minimis.*" *Alexander v. Tippah County, Miss.*, 351 F.3d 626, 631 (5th Cir. 2003), *cert. denied*, 541 U.S. 1012, 124 S.Ct. 2071, 158 L.Ed.2d 623 (2004)*; Harper v. Showers*, 174 F.3d 716, 719 (5th Cir. 1999); *Herman*, 238 F.3d at 665-666; *Siglar v. Hightower*, 112 F.3d 191, 193 (5th Cir. 1997); *Gomez v. Chandler*, 163 F.3d 921, 924 (5th Cir. 1999).

Here, plaintiff has not shown that he suffered more than *de minimis* physical injury as a result of the allegedly unsanitary conditions of confinement at the Iberia Parish Jail. To the contrary, the only physical injury allegedly suffered by plaintiff was a rash on his legs which plaintiff concludes was caused by the conditions allegedly existing in the shower area. While this may have been unpleasant, there is no indication that the rash was severe enough to warrant medical attention or that it was a symptom of some more serious malady or had any lasting effects. Thus, plaintiff's rash does not rise to the level of constitutional significance. Moreover, plaintiff has claimed no physical injury as a result of the litany of other complained of jail conditions. *See Alexander*, 351 F.3d at 631; *Herman*, 238 F.3d at 665. Accordingly, as a matter of law, plaintiff's potential claim fails.

**III. Eighth Amendment Claim**

Even if plaintiff's claim remained viable despite his transfer, it is nevertheless subject to summary dismissal. Plaintiff complains about the conditions of his former confinement at the Iberia Parish Jail arguing, in essence, that the facility is unsanitary. "The Constitution 'does not mandate comfortable prisons,' ... but neither does it permit inhumane ones ...." *Farmer v. Brennan*, 511 U.S. 825, 832, 114 S.Ct. 1970, 1976, 128 L.Ed.2d 811 (1994) quoting *Rhodes v. Chapman*, 452 U.S. 337, 349, 101 S.Ct. 2392, 69 L.Ed.2d 59 (1981).

A two-part test determines whether a prisoner has established a conditions of confinement claim under the Eighth Amendment. The prisoner must show: first, that the deprivation alleged was sufficiently serious; and second, that the prison official possessed a sufficiently culpable state of mind. *Herman*, 238 F.3d at 664; *Harper*, 174 F.3d at 719-20 citing *Woods v. Edwards*, 51 F.3d 577, 581 (5th Cir.1995).

With respect to the first component, only those deprivations denying "the minimal civilized measure of life's necessities" are sufficiently grave to constitute cruel and unusual punishment. *Farmer,* 114 S.Ct. at 1977 *quoting Rhodes*, 452 U.S. at 347; *Berry v. Brady*, 192 F.3d 504, 507 (5th Cir. 1999) ("[t]o establish an Eighth Amendment claim, the prisoner must demonstrate, *inter alia*, an objective component of conditions so serious as to deprive him of the minimal measure of life's necessities, as when denied some basic

7

human need"). Thus, "extreme deprivations are required to make out a conditions-of-confinement claim." *Davis v. Scott*, 157 F.3d 1003, 1006 (1998).

In prison conditions cases, the Supreme Court has defined the required state of mind as one of "deliberate indifference to inmate health or safety." *Herman,* 238 F.3d at 664 citing *Farmer,* 114 S.Ct. at 1977. The prisoner must show that the "defendant officials '(1) were aware of facts from which an inference of excessive risk to the prisoner's health or safety could be drawn and (2) that they actually drew an inference that such potential harm existed.'" *Herman*, 238 F.3d at 664. A prison official cannot be found liable under the Eighth Amendment unless the official knows of and disregards an "excessive risk" to inmate health or safety. *Maze v. Hargett,* 200 F.3d 814, *4 (5th Cir. 1999) *citing Farmer*, 511 U.S. at 837. The second component need not be examined if the plaintiff does not objectively demonstrate a sufficiently extreme deprivation of any minimal civilized measure of life's necessities. *Davis*, 157 F.3d at 1006.

Plaintiff conclusorily complains that the conditions at that the Iberia Parish Jail were unsanitary and potentially hazardous. However, these conclusory allegations fail to set forth constitutional claims under the applicable standard. More specifically, plaintiff's allegations fail to implicate a sufficiently serious deprivation of minimal life necessities or any basic human need. Clearly, prisons need not be completely sanitized or as clean as one's home might be, nor does the constitution require that living areas be free from all conditions which may pose a potential slip and fall hazard. *See Davis,* 157 F.3d at 1006

8

*citing Daigre v. Maggio*, 719 F.2d 1310, 1312 (5th Cir.1983) (allegations that cell had blood on the walls, excretion and bread loafs on the floor did not constitute an extreme deprivation so as to violate his rights under Eighth Amendment as plaintiff "has not alleged the sort of 'deprivation of facilities for elementary sanitation' that [the Fifth Circuit] ha[s] observed gives rise to unconstitutional confinement.").

      Additionally, plaintiff does not complain that the institution does not use any disinfectants, only that they do not use bleach. However, there is simply no constitutional requirement that any specific type of disinfectant be used by prison officials. Furthermore, it does not appear that plaintiff ever requested cleaning materials or made any effort to clean the living areas himself. *See Tokar v. Armontrout,* 97 F.3d 1078, 1081 and fn. 4 (8th Cir. 1996) (rejecting a claim that the toilet and shower facilities were unsanitary and insufficient in light of the fact that the inmate never asked for cleaning supplies) citing *Whitnack v. Douglas,* 16 F.3d 954, 958 (8th Cir. 1994) (noting that the toilets were "deplorable", but nonetheless held that the objective component was not satisfied in part because upon request inmates were provided cleaning supplies "which could have been used to clean the toilet seat and sink bowl.")*; See also Smith v. Romer*, 107 F.3d 21, 1997 WL 57093, *2 (10th Cir. 1997) (requiring inmates to eat meals in cells that they must clean themselves with a minimal amount of cleaning supplies does not present an excessive risk to inmate health or safety) *citing Wishon v. Gammon*, 978 F.2d 446, 449 (8th Cir.1992) (observing that prison officials are not responsible for allegedly

9

unsanitary cell conditions where a prisoner is provided with supplies to do his own cleaning).

Furthermore, while plaintiff complains that he has no easy access to water, he does not complain that he is not given water. Likewise, although plaintiff complains of the tables and cell door food portals, he does not complain that he is denied reasonably adequate meals. As such these allegations do not implicate the constitution. *See Eason v. Thaler*, 73 F.3d 1322, 1327 (5th Cir. 1996) ("To comply with the Constitution, inmates must receive 'reasonably adequate' food."); *Green v. Ferrell,* 801 F.2d 765, 770 (5th Cir. 1986) (jails must provide inmates with meals "containing sufficient nutritional value to preserve health.").

Moreover, plaintiffs' allegations fail to demonstrate deliberate indifference by any named defendant. Thus, the requisite criminal recklessness required for liability herein is lacking. To the contrary, allegations that the jailers do not fix leaks or clean the jail to plaintiff's standards fall short of establishing an excessive risk to inmate health or safety, and do not establish that jail officials knowingly disregarded any such risk. Finally, given that plaintiff has not shown that he or any other inmate has ever contracted any serious disease or sickness as a result of the alleged unsanitary conditions, or that any inmate has actually slipped and fallen as a result of the alleged hazardous conditions, there is no support for a finding that the jailers were aware of any serious threat to plaintiff's health or safety. The failure to perceive any risk to plaintiff's health or safety, "while no cause

for commendation, cannot...be condemned as the infliction of punishment." *Farmer, supra*.

In sum, plaintiff has not objectively demonstrated a sufficiently extreme deprivation of any minimal civilized measure of life's necessities, nor has he alleged facts to establish that the defendants acted with deliberate indifference. The Eighth Amendment prohibits cruel and unusual *punishments*, not merely cruel and unusual prison *conditions*. *See Strickler v. Waters*, 989 F.2d 1375, 1381 (4th Cir.1993). In light of the above, plaintiff's allegations simply do not demonstrate that he has been subjected to cruel and unusual punishment within the meaning of the Amendment. Accordingly, plaintiff has failed to set forth constitutional claims. These claims should therefore be dismissed as both frivolous and as failing to state claims upon which relief may be granted.

## **CONCLUSION**

For the reasons set forth above, **IT IS RECOMMENDED** that this civil rights action be **DISMISSED WITH PREJUDICE** pursuant to 28 U.S.C. §§1915(e)(2)(B)(i) and (ii) and 1915A(b)(1) as moot, frivolous and as failing to state claims upon which relief may be granted, and accordingly, that plaintiff's Motion for Summary Judgment [rec. doc. 8] be **DENIED**.

**OBJECTIONS**

Under the provisions of 28 U.S.C. Section 636(b)(1)(C) and Rule 72(b), parties aggrieved by this recommendation have ten (10) business days from service of this report and recommendation to file specific, written objections with the Clerk of Court.  A party may respond to another party's objections within ten (10) days after being served with a copy of any objections or response to the District judge at the time of filing.

**Failure to file written objections to the proposed factual findings and/or the proposed legal conclusions reflected in this Report and Recommendation within ten (10) days following the date of its service, or within the time frame authorized by Fed.R.Civ.P. 6(b), shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the District Court, except upon grounds of plain error.  *See Douglass v. United Services Automobile Association*, 79 F.3d 1415 (5th Cir. 1996).**

Signed this 8th day of November, 2007 at Lafayette, Louisiana.

*[signature]*
C. MICHAEL HILL
UNITED STATES MAGISTRATE JUDGE